# COURT OF COMMON PLEAS OF BALTIMORE CITY.

Filed December 12, 1908.

## PETER J. CAMPBELL
### VS.
## WASHINGTON, BALTIMORE AND ANNAPOLIS ELECTRIC RAILWAY COMPANY.

(NOTE—Judges HARLAN, NILES and SHARP sat with Judge DOBLER in this case and concurred in this opinion.)

*J. Cookman Boyd* for plaintiff.

*William L. Marbury* and *Carroll T. Bond* for defendant.

DOBLER, J.—

The nar in this case alleges that the defendant is the owner of and operates an electric railroad; that on or about the fifth of June, 1908, the plaintiff, while a passenger on one of the defendant's cars, was injured in a collision occasioned by the gross negligence, default and want of care of the defendant company. "And that as a result of said collision the plaintiff was cut

about the head, face, neck, back, arms and legs; many small splinters were injected into his scalp; large splinters and pieces of wood were driven into his body; his left foot was sprained; his left knee was sprained; his clothes were destroyed; his nerves shattered, and he was caused to suffer great physical pain and suffering, as well as intense mental anguish; he was caused to suffer great financial loss by reason of his being thereby prevented from attending to his profession, to wit, an attorney-at-law; that the injuries so received by him were permanent in their character." The plaintiff claims $40,000.

The defendant filed the general issue plea and then filed a motion alleging substantially that the physicians and attendants who treated the plaintiff upon and for two weeks after receiving his injuries on the defendant road, reported to the defendant that their examination and treatment of him disclosed only slight, inconsequential injuries, which should not have incapacitated him wholly for any length of time, or partially for more than a few weeks. It is further alleged: "That the defendant is advised that the plaintiff intends to produce, in support of his said claim as to his injuries, the testimony of physicians employed by him subsequent to his discharge by the physicians and attendants who first treated him after the accident and who were employed or compensated by the defendant for their services; that the defendant, on the other hand, is compelled to rely for medical testimony entirely upon those who first attended the plaintiff, and is without medical testimony and even advice based upon examination of the plaintiff subsequent to his said discharge by the first mentioned physicians and attendants: that it is necessary to enable the defendant to meet and rebut any claim of subsequent unexpected developments from the plaintiff's injuries, and to secure a fair and just trial upon the plaintiff's said alleged injury, that a physical examination be now made of the plaintiff by some physician or physicians other than those employed by the plaintiff, and that opportunity be given the defendant thus to procure and produce the testimony of such other physicians based upon such examinations."

"The defendant therefore moves the court that the plaintiff herein be ordered by the court to submit his person to an examination by competent physicians at some time and place to be named by the court in its said order, and under such circumstances and with such safeguards as to the court shall seem proper in order to qualify such physicians to report and testify on the trial of the issues joined in this case as to the nature, extent and duration of the plaintiff's alleged injuries.

"And the defendant is ready and willing to pay the cost and expense of the examination and testimony to such extent and in such manner as the court may deem proper."

In support of this motion the defendant filed two affidavits: First, the affidavit of Doctor Spruill, one of the physicians at the hospital where the plaintiff had been treated after the accident, to the effect that the plaintiff entered the hospital on June 6, 1908, suffering from general contusions and lacerations, due to splinters, of no consequence and sprain of left ankle; that the plaintiff left the hospital June 22, 1908; that the condition of the ankle was very satisfactory when he left the hospital. The defendant also filed an affidavit of counsel that he, the counsel, believed it necessary to a just trial of the issues in this case that a physical examination of the plaintiff be now made by some physician or physicians to be selected and appointed by the court; that the motion is made in good faith and in the belief that it is necessary to justice; not for the purpose of delay or interruption of the trial, and not for the sake of any impression adverse to the plaintiff which a refusal of the examination may make upon the minds of the jury.

The motion is that the plaintiff be ordered by the court to submit his person to an examination by competent physicians at some time and place to be named by the court. The motion does not ask that the court select the physician, but inasmuch as the affidavit of counsel filed with the nar. avers that it is necessary to a just trial of the issues, that the examination of the plaintiff be made by some physician or physicians appointed by the court, and the arguments of counsel at the hearing were addressed entirely to this proposition, it is now assumed that the defendant desires the

court to select the medical expert to make the examination.

The case was set for hearing on the motion and affidavits and fully argued by counsel for both sides.

This case involves a question of great practical importance. There can be no doubt since the decision of the Court of Appeals in the case of Cloman against the United Railways decided by the Court of Appeals of this State, April 1, 1908, (reported in THE DAILY RECORD, Volume 41, Nos. 31 and 32, and the Atlantic Recorder, Volume 69, No. 379) of the power of the courts to require a plaintiff to submit to a physical examination and to appoint a disinterested expert to make such examination. The Court of Appeals said: "The defendant moves the court to direct the plaintiff to permit the doctors of the defendant to make a physical examination of her, and also made another motion asking the court to direct her to submit to such an examination by a doctor appointed by the court, but both motions were overruled. The authorities are conflicting on the subject. It is said that there is no record in the English reports of such an order, or even of such a motion. In the Federal courts it is held that the court has no power to compel a plaintiff in an action for personal injuries to submit his person to a physical examination, and it was so decided in Union Pacific Railroad Company against Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, 35 L. Ed. 734. The weight of authority seems to be to the contrary, in the State courts of this country, although while the power is admitted, many cautions and limitations are suggested, and the general rule is that it cannot be demanded as a matter of right by a defendant, but the application is addressed to the sound discretion of the trial court, which will not be interfered with by an appellate court unless such discretion was manifestly abused. That seems to us to be the correct view * * * When, therefore, the ends of justice seem to require it, there can be no valid reason why an examination should not be permitted, if seasonable application is made. and the court is satisfied that no serious physical or mental injury is likely to be done to the plaintiff. Unless consent is given by the plaintiff to have the examination made by physicians of the defendant, the safe course is for the court to name some disinterested physician or physicians to make such examination; but the court and jury ought not to be required to rely on the testimony of experts employed or produced by the plaintiff, or that of the plaintiff himself, when there is any real question about the evidence offered by a plaintiff in reference to the extent of his injuries."

Such an order is not a matter of right, but of judicial discretion. It depends on the facts in each case. It is incumbent on the party applying for such an order to show its necessity or propriety. The facts relied on may be found in the plaintiff's nar., or if not contained in the nar., must be set out in the motion. In view of the allegations of the nar. in this case, particularly the claim of permanent injuries, and the amount of damages claimed, and the facts set out in the motion, and the affidavit of the defendant's counsel, we are of the opinion that a proper case has been presented for the appointment of an expert by this court, and an order to that effect will be passed.

The procedure in this case will be as follows:

1. Before any action is taken by the court in connection with the appointment, the party applying for the appointment shall deposit with the clerk a sum to be designated by the court as a fee to be paid such expert.

2. If the parties can agree on the appointment of any particular individual the court will appoint such person. If the parties cannot agree the court will select a competent and disinterested physician to make such examination. After the selection, but before the appointment, the court will hear any objections which either side may offer to the appointment of such person.

3. The defendant shall file within two days from this date specifications in writing stating what examination of the plaintiff is required, and the plaintiff shall also have the right to file within two days thereafter specifications in writing, stating anything to which he desires to direct the attention of the examiner, or as to which he desires a report of the plaintiff's condition. Copies of said specifications shall be served upon counsel of the opposite party prior to their filing.

4. The expert shall then examine the plaintiff and report in writing to the court the result of his examination, which report may be seen by the respective parties in advance of the trial.